[Civ. No. 32810.   Second Dist., Div. Two.   Apr. 1, 1969.]

WOODROW W. HOWLETT, Plaintiff and Appellant, v. TRANSIT CASUALTY COMPANY et al., Defendants and Respondents.

Hirson & Horn, Theodore A. Horn, Paul A. Eisler and Abe Mutchnik for Plaintiff and Appellant.

Harry M. Hunt, John E. Finn and Glenn W. Hoiby for Defendants and Respondents.

FLEMING, J.—In an action for declaratory relief against Transit Casualty Company ("Casualty") and Southern California Rapid Transit District ("District") Howlett sought a declaration that District's liability insurance policy with Casualty provided uninsured motorist coverage for him while a passenger on one of District's vehicles. Defendants moved for judgment on the pleadings on the ground that the complaint failed to state a cause of action, and the trial court entered judgment for defendants on the motion.

We think the trial court's judgment must be reversed. The judgment is ambiguous in that it might represent an adjudication that the complaint failed to set forth a proper controversy for declaratory relief, or that plaintiff's contentions were not well taken. If the former, the judgment was clearly erroneous. If the latter, the trial court followed the wrong procedure in reaching its judgment, for it considered extrinsic documents presented by defendants in support of their motion. The trial court should have treated the motion as one for summary judgment and permitted plaintiff to present documents and affidavits on his own behalf. (2 Witkin, Cal. Procedure (1954) pp. 1704-1706.)

In remanding the case for further proceedings in the trial court, we comment on two other issues. First, it seems unlikely that the District can be held liable to plaintiff under any theory of liability suggested in the case. Even if uninsured motorist coverage exists under District's policy with Casualty, only the latter is liable for the acts of the negligent uninsured motorist. Unlike instances in which the insured's own liability gives rise to the liability of the insurer, here it is only the insurer and not the insured who could become liable to plaintiff for the wrongful acts of an uninsured motorist.

Second, whether section 11580.2, subdivision (b) of the Insurance Code exempts busses from the general requirements of uninsured motorist coverage in owner's or operator's liability insurance may be immaterial, for even if busses are exempted from the requirements of section 11580.2, there is no law which prohibits busses from voluntarily carrying uninsured motorist coverage for the protection of their passengers. Since District's policy with Casualty is not before us we do not know whether or not it contained an uninsured motorist clause which might inure to plaintiff's benefit.

The judgment is reversed.

Herndon, J., and Wright, J., concurred.