[Civ. No. 47621. Second Dist., Div. Four. Apr. 30, 1976.]

WILL BROWN, Plaintiff and Appellant, v.
ALL AMERICAN CAB COMPANY, Defendant and Respondent.

## Counsel

Robert E. Perkins, Jr., for Plaintiff and Appellant.

Francis Robert Bergmann and Stephen E. Cockriel for Defendant and Respondent.

## Opinion

**KINGSLEY, J.**—Plaintiff appeals from an order of dismissal, entered following an order sustaining, without leave to amend, a demurrer to his complaint. We affirm the order.

Plaintiff's complaint alleges that, while he was riding in a taxi cab owned by defendant, that cab was involved in an accident resulting in

physical injuries to plaintiff. The complaint alleges negligence on the part of the driver of the other car, but does not allege negligence on the part of defendant or its driver in the operation of the taxi cab. The gravamen of the complaint is that the driver of the other car was an "uninsured motorist" within the meaning of section 11580.2 of the Insurance Code and that defendant, in procuring the policy of liability insurance required by section 16500 of the Vehicle Code, had intentionally waived the inclusion in that policy of the uninsured motorist provision.

Relying on the provision in section 2100 of the Civil Code that "A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill," plaintiff urges that the duty of care thus required includes a duty on the part of a taxi cab operator to secure and carry uninsured motorist insurance. We disagree.

We agree that the risk of injury to a passenger in a taxi cab by the negligence of an uninsured motorist is reasonably foreseeable; it is because of that risk that the Legislature adopted section 11580.2 of the Insurance Code. But the Legislature also, with that risk in mind, expressly exempted from the operation of that section "any automobile while used as a public or livery conveyance." (Ins. Code, § 11580.2, subd. (b).) In light of that express exclusion from the policy of requiring uninsured motorist coverage, we cannot say that, on the record before us, any duty exists on the part of a taxi cab operator to assume voluntarily[1] the procurement of uninsured motorist coverage.

The judgment (order of dismissal) is affirmed.

Files, P. J., and Jefferson (Bernard), J., concurred.

---

[1]That a taxi cab operator may voluntarily procure uninsured motorist coverage was stated in *Howlett* v. *Transit Cas. Co.* (1969) 271 Cal.App.2d 348, 350 [76 Cal.Rptr. 277].